# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COREY ANDERSON,

    Plaintiff,

    v.                                                                                        Case No. 09-CV-453

MICHAEL G. GARCIA and HAROLD YOUNG,

    Defendants.

## ORDER

On December 2, 2009, the plaintiff filed a motion for judgment on the pleadings. He contends that he is entitled to judgment as a matter of law because there is no material issue of fact and because the defendants have not filed an answer to the amended complaint. A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)[1] is subject to the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). A district court may grant judgment on the pleadings if "the moving party clearly establishes that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Flora v. Home Federal Sav. and Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982) (citing *Friedman v. Washburn Co.*, 145 F.2d 715, 717 (7th Cir.1944)). The court may only

---

[1] Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

consider matters presented in the pleadings, documents referred to and attached to those pleadings, and briefs in support of the pleadings. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citing *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988)). The Court must review all facts pled as true and construe all inferences in favor of the non-moving party. *Id. See also, Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

The plaintiff contends that he is entitled to judgment on the pleadings based, in part, on the defendants' failure to file an answer. As an initial matter, the plaintiff's assertion that the defendants failed to file an answer is erroneous because on November 19, 2009, the defendants filed their answer to the amended complaint. In any event, judgment on the pleadings presumes that there are two pleadings, an answer and a complaint, so the plaintiff would not be entitled to judgment under Rule 12(c) on that basis. Moreover, the defendants deny most of the amended complaint allegations in their answer. Additionally, the defendants have filed a motion for summary judgment supported by evidentiary materials. For all of these reasons, the plaintiff is not entitled to judgment on the pleadings.

On March 24, 2010, the defendants filed a motion for summary judgment. They contend that: (1) the plaintiff was lawfully arrested based on probable cause; (2) defendants Detectives Garcia and Young were not responsible for bringing the plaintiff before a judge within 48 hours for a judicial determination as to probable cause; (3) Young and Garcia were given consent by the confidential informant to

-2-

listen and digitally record his telephone conversation with the plaintiff, which is legally permissible; and (4) the arresting detectives are entitled to qualified immunity with regard to their arrest of the plaintiff.

The Civil Local Rules provide in relevant part:

(a) Pro Se Litigation

(1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

(A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

(B) In addition to the statement required by Civil L.R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56(e) and (f), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. must be part of the motion.

Civil L. R. 56(a) (E.D. Wis.); *see also Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) (*pro se* prisoner plaintiff is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment). The defendants' motion does not provide the notice required by the Local Rules. They may renew their summary judgment motion, without refiling it, after providing the plaintiff with the proper notice.

The court notes that the plaintiff did not file a response to the defendants' motion for summary judgment and on May 25, 2010, the court granted the plaintiff

-3-

additional time until June 25, 2010, to file his response. On June 1, 2010, the plaintiff filed a letter stating that he had never received the defendants' motion for summary judgment and on June 2, 2010, a copy of the motion was mailed to him by Clerk's Office staff. To date, no response has been filed. However, under the circumstances, the plaintiff will be provided with an opportunity to respond to the defendants' summary judgment motion after he receives the proper notice. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for judgment on the pleadings (Docket #25) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #32) be and the same is hereby **DENIED without prejudice** and with leave to renew as set forth herein.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge